UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | Case No. 4:22-cr-35 |
| v. | ) | |
| | ) | Judges Collier/Dumitru |
| JOHN THIERRY SMITH | ) | |
| ALEXANDER LEE BLANTON | ) | |

**MEMORANDUM & ORDER**

Before the Court are a motion to dismiss filed by counsel for Defendant Alexander Lee Blanton (Doc. 720) and a sealed motion by the United States as to Defendant John Thierry Smith, who is representing himself in this matter (Doc. 722). For the reasons described herein, the Court will **ACCEPT** Defendant Blanton's motion (Doc. 720) despite its being filed late. The Court will also **CONTINUE** all upcoming pretrial and trial deadlines in this matter and **RESET** the deadlines once these motions (Docs. 720, 722) have been resolved or it is otherwise practicable to do so.

With respect to Defendant Blanton's motion to dismiss (Doc. 720), the Court must first decide whether to consider the motion despite its being filed after the motion deadline. (*See* Doc. 667 at 4; *see also* Doc. 719 at 1 (confirming motion deadline has elapsed).) Under Federal Rule of Criminal Procedure 12(c)(3), "[i]f a party does not meet" the deadline for pretrial motions, "the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause." Fed. R. Crim. P. 12(c)(3). The Court previously denied as untimely a similar motion that Defendant Blanton had filed *pro se* while still represented by his previous counsel. (Doc. 708.) There, good cause did not exist to consider the late-filed motion. First, Defendant Blanton had filed the motion himself, despite having counsel. (*See generally* Doc. 687.) Further, Defendant Blanton did not provide a sufficient explanation of what had caused the delay, noting

only that "[o]ver one year ago, Defendant explicitly demanded that current counsel" file a motion to dismiss, but counsel "refused." (*Id.* at 1–2.)

Here, the Court finds that good cause exists to consider the motion (Doc. 720). This motion does not present the same concerns about a represented defendant filing a *pro se* motion. *See United States v. Tucker*, Case No. 11-20706, 2013 U.S. Dist. LEXIS 155980, at *1 (E.D. Mich. Oct. 31, 2013)); *see also* Doc. 708 at 1. In this motion, counsel for Defendant Blanton also elaborates on Defendant's consistent requests that Speedy Trial Act and Sixth Amendment arguments be asserted on his behalf. (*See* Doc. 720 at 18.) Counsel also points out that she was not appointed until after the motion deadline had already elapsed. (*Id.*) Finally, the motion emphasizes the constitutional dimensions of the issues asserted. (*See id.*) The Court finds that, together, these issues suffice to show good cause. The Court will therefore **ACCEPT** the motion, despite its being filed late, and **ORDER** the United States to respond in accordance with the Court's local rules. *See* E.D. Tenn. L.R. 7.1. The Court notes that any time "from the filing of the motion," which occurred on November 19, 2026 (*see* Doc. 720), "through the conclusion of the hearing on, or other prompt disposition of, such motion" is excludable from the computation of the Speedy Trial Act deadlines. *See* 18 U.S.C. § 3161(h)(1)(D).

Turning to the United States' sealed motion as to Defendant Smith (Doc. 722), the Court finds that this motion also triggers the exclusion of time for Speedy Trial Act purposes. *See* 18 U.S.C. § 3161(h)(1)(A) (excluding from the computation of Speedy Trial Act deadlines "[a]ny period of delay resulting from other proceedings concerning the defendant, including but not limited to--(A) delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant"). It also necessitates the continuance of the upcoming deadlines in this matter, at least until the Magistrate Judge has ruled on the motion.

Thereafter, in compliance with 18 U.S.C. § 3161(a), the Court will reset the deadlines "at the earliest practicable time . . . so as to assure a speedy trial."

Accordingly, the Court **ORDERS** that Defendant Blanton's motion to dismiss (Doc. 720) is **ACCEPTED** despite being filed late, and the United States **SHALL RESPOND** in accordance with Local Rule 7.1. The Court further **ORDERS** that the upcoming pre-trial and trial deadlines in this matter, as set forth in Doc. 719, are **CONTINUED** and will be **RESET** by the Court as soon as it is practicable to do so.

**SO ORDERED.**

**ENTER:**

**/s/**____________________________
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**